IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| A.M., <br><br> Plaintiff, <br><br> v. <br><br> EXCEL HOSPITALITY, LLC, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:26-cv-02972-TRJ |

### ORDER

On June 26, 2026, Plaintiff filed a motion requesting leave to proceed under the pseudonym "A.M." in all public filings and proceedings in this action until further order of the Court. (Doc. 9). Defendants were served on June 23, 2026, and did not file a response to the motion, indicating that it is unopposed. *See* LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

"Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (citation omitted); *see also* FED. R. CIV. P. 10(a). But there are some circumstances in which a party may proceed anonymously. *Doe v. Barrow Cnty., Ga.*, 219 F.R.D. 189, 191 (N.D. Ga. 2003). If the party seeking to proceed anonymously has a substantial privacy interest that outweighs the "presumption of openness in judicial proceedings," then the Court can grant the party permission to proceed anonymously. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (citation modified). "The Eleventh Circuit has approved of parties proceeding anonymously when cases involve

governmental activity, the disclosure of information of 'utmost intimacy,' or would require admitting to illegal conduct and risk of criminal prosecution." *Doe v. Emory Univ.*, 734 F. Supp. 3d 1369, 1370 (N.D. Ga. 2024) (citing *Francis*, 631 F.3d at 1316). "It is within the court's discretion to decide whether a plaintiff will be allowed to proceed anonymously." *Barrow Cnty.*, 219 F.R.D. at 191 (citation omitted).

Here, Plaintiff—a sex trafficking victim—brings this action seeking damages under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595. Plaintiff argues that "[g]iven the intimate and private nature of the information Plaintiff and other witnesses must disclose during this case, Plaintiff (and other witnesses who are sex trafficking victims) do not wish to be publicly identified as a sex trafficking victims." (Doc. 9 at 2). Plaintiff also requests that her family members and witnesses identified by either party as a victim or suspected victim of sex trafficking be referred to using pseudonymous initials only. The privacy and safety interests of Plaintiff, her family members, and witnesses identified as or suspected of being victims of sex trafficking outweigh the public's interest in knowing their identities.

Accordingly, Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously (Doc. 9) is **GRANTED**. **IT IS HEREBY ORDERED** that all materials, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer to Plaintiff as A.M., with no other additional identifying information until further order of the Court. **IT IS FURTHER ORDERED** that all materials, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer to Plaintiff's

family members as well as all witnesses identified by either party as a victim or suspected victim of sex trafficking by using pseudonymous initials only. Plaintiff is **ORDERED** to privately disclose her name to Defendants upon entry of this Order. Defendants shall be permitted to conduct discovery using Plaintiff's or witnesses' names. But for any publicly filed documents, the name of Plaintiff, her family members, and all witnesses identified as a victim or suspected victim of sex trafficking shall be redacted or referred to only by the appropriate pseudonymous initials.

SO ORDERED, this 20th day of July, 2026.

_____

TIFFANY R. JOHNSON
United States District Judge

3