**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| A.M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-CV-02972-TRJ |
| v. | ) | |
| | ) | |
| EXCEL HOSPITALITY, LLC, | ) | **JURY TRIAL DEMANDED** |
| SAJAAD CHAUDRY, and | ) | |
| JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Excel Hospitality, LLC ("Excel") and Sajaad Chaudry ("Chaudry") (collectively "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint, showing as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted, and Defendants therefore move to dismiss said action.

### SECOND DEFENSE

No act or omission of these Defendants either proximately caused or

- 1 -

contributed to whatever damage the Plaintiff may have sustained, and, on account thereof, Plaintiff is not entitled to recover any sum from Defendants.

### THIRD DEFENSE

Any injury or damages for which Plaintiff seeks to recover were caused, in whole or in part, by the acts or omissions of individuals or entities over whom these Defendants exercised no authority or control.

### FOURTH DEFENSE

Defendants did not have knowledge, whether actual, implied, constructive, or otherwise, and was not in a position to have knowledge of the activities, actions, and conduct made subject of Plaintiff's allegations and as such was unable to authorize, participate in, or ratify a venture that knowingly involved human or sex trafficking. Plaintiff's claims fail as a matter of law because Defendants did not knowingly benefit, or attempt or conspire to benefit, financially or by receiving anything of value from participation in a venture involving human or sex trafficking.

### FIFTH DEFENSE

To the extent Plaintiff alleges that she was assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed to Plaintiff. As such, no action by Defendants could have precluded or prevented the actions of the third-party.

## SIXTH DEFENSE

Plaintiff's claims for Nuisance (Public Nuisance and Public Nuisance *Per Se*) are barred by the statute of limitations.

## SEVENTH DEFENSE

The independent criminal acts of third parties were the superceding/intervening cause of Plaintiff's alleged injuries, and sever the chain of causation between any acts of omissions of Defendants, which are denied, and Plaintiff's injuries, if any.

## EIGHTH DEFENSE

The failure to specifically plead special damages bars their recovery. Fed. R. Civ. P. 9; O.C.G.A. §9-11-9(g).

## NINTH DEFENSE

The acts of Plaintiff's trafficker constituted intervening criminal acts beyond the knowledge and control of Defendants, breaking the chain of causation between any alleged acts or omissions of Defendants and Plaintiff's alleged injuries.

## TENTH DEFENSE

Plaintiff failed to join an indispensable party for just adjudication.

## ELEVENTH DEFENSE

Plaintiff cannot recover against Defendants because Defendants did not commit any intentional or negligent act or omission which resulted in injury to Plaintiff.

## TWELFTH DEFENSE

Plaintiff's damages, if proven, must be reduced by the amount of fault of all persons or entities who contributed to the alleged injuries.

## THIRTEENTH DEFENSE

Defendants deny that punitive damages are warranted. Without limiting the foregoing, such damages, if any, are capped at $250,000 and subject to all applicable statutory and constitutional limitations.

## FOURTEENTH DEFENSE

Plaintiff has failed to state facts sufficient to entitle her to an award of punitive or compensatory damages or attorneys' fees and expenses from Defendants.

## FIFTEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under 18 U.S.C.A. § 1595(a), is barred because Plaintiff cannot satisfy the statutory prerequisites for recovery.

## SIXTEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because Defendants did not act in bad faith in the underlying transaction giving rise to this suit, have not been stubbornly litigious, and have not caused Plaintiff unnecessary trouble and expense. Recovery is further barred by the existence of a bona fide dispute as to liability and damages.

## SEVENTEENTH DEFENSE

The Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendants' rights to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the Defendants' rights to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## EIGHTEENTH DEFENSE

All claims for punitive damages in the Plaintiff's Complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the

actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## NINTEENTH DEFENSE

The Plaintiff's claim for punitive damages violates the United States Supreme Court's holding in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

## TWENTIETH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to Defendants, to the United States and Georgia Constitutions, and the imposition of punitive damages against these Defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case. Further, Defendants preserve all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. Plaintiff's damages, if any, were not proximately caused by Defendants.

## TWENTY-SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the defenses of assumption of the risk, consent, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## TWENTY-THIRD DEFENSE

Defendants plead all applicable affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) and (h), as well as Fed. R. Civ. P. 8(c) and Fed. R. Civ. P.

12(b), and incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled. Defendants specifically reserve the right to amend their defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## TWENTY-FOURTH DEFENSE

Defendants are entitled to apportionment of liability to other parties and non-parties to this action. Without limiting the foregoing, the injuries alleged by Plaintiff were caused in whole or in part by other persons or entities, including without limitation: Plaintiff's traffickers; any associate of Plaintiff's traffickers; any other persons who trafficked Plaintiff; and any persons or entities with liability under the TVPRA. The addresses of those persons and entities are not currently known to Defendants. These persons or entities are at fault for the injuries alleged by Plaintiff because they trafficked her. Defendants are entitled to and hereby give their notice of their intent to seek apportionment under O.C.G.A. § 51-12-33.

## TWENTY-FIFTH DEFENSE

Defendants are entitled to a set-off for any settlement paid by any party or non-party, in satisfaction of the same damages for which the Plaintiff is suing.

## TWENTY-SIXTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses which may become known after the filing of the within Answer.

## TWENTY-SEVENTH DEFENSE

These Defendants respond to the allegations in the numbered paragraphs of Plaintiff's Complaint as follows:

## RESPONSE TO "INTRODUCTION"

1.

Defendants deny that Plaintiff was trafficked at their motel and further deny that they permitted or profited off of sex trafficking, drug dealing, or violent crime. Defendants deny that they are liable to Plaintiff. Defendants do not object to Plaintiff proceeding utilizing her initials in pleadings. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

2.

Paragraph 2 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Excel Hospitality, LLC was administratively dissolved but lack sufficient information to form a belief as to the truth of the remaining allegations

contained in Paragraph 2 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

3.

Paragraph 3 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

Responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Excel Hospitality, LLC, owned and operated the stated motel located at the stated address. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, including subparagraphs a. through i.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny that Plaintiff was trafficked at the stated motel and lack sufficient information to form a belief as to the truth of the remaining

allegations contained in Paragraph 7 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

8.

Paragraph 8 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint including subparagraphs a. and b.

9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny liability under the stated statutes and deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"

12.

Defendants lack information sufficient to admit or deny Plaintiff's age, and deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants admit only that Excel Hospitality, LLC, owned and operated the stated motel and deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Responding to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendants admit that Chaudry is the Motel's registered agent, and state that Chaudry can be served in accordance with Georgia law.

15.

Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## RESPONSE TO "PLAINTIFF A.M.'S SEX TRAFFICKING AT THE MOTEL"

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny that Plaintiff was trafficked at the stated motel and lack sufficient information to form a belief as to the truth of the remaining

allegations contained in Paragraph 21 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny that Plaintiff was trafficked at the stated motel and lack sufficient information to form a belief as to the truth of the remaining

allegations contained in Paragraph 27 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

## RESPONSE TO "DEFENDANTS' KNOWLEDGE OF PRIOR CRIME AND SEX TRAFFICKING AT THE MOTEL"

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## RESPONSE TO "WITNESS NUMBER 1"

33.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

34.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

### RESPONSE TO "WITNESS NUMBER 2"

40.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

41.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## RESPONSE TO "WITNESS NUMBER 3"

49.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

50.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

51.

Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## RESPONSE TO "WITNESS NUMBER 4"

58.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

59.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

## RESPONSE TO "WITNESS NUMBER 5"

65.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

66.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

## RESPONSE TO "WITNESS NUMBER 6"

70.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

71.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

72.

Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

## RESPONSE TO "WITNESS NUMBER 7"

### 75.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

### 76.

Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

### 77.

Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

### 78.

Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

### 79.

Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

## RESPONSE TO "DEFENDANT'S NEGLIGENT FAILURE TO ACT"

81.

Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

## RESPONSE TO "DEFENDANTS' KNOWLEDGE OF SEX TRAFFICKING GENERALLY"

90.

Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint, including subparagraphs a. through f.

98.

Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint, including subparagraphs a. through p.

100.

Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

## RESPONSE TO "COUNT I: STATUTORY LIABILITY: SEX TRAFFICKING 18 U.S.C. §1595 and MARSHA'S LAW, 18 U.S.C. § 2255

101.

Defendants incorporate the paragraphs above as if fully restated herein.

102.

Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.

Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.

Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.

Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.

Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.

Defendants deny that Plaintiff was trafficked at the stated motel and lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

114.

Paragraph 114 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was trafficked at the stated motel and lack sufficient information to form a belief as to the truth of the remaining allegations

contained in Paragraph 114 of Plaintiff's Complaint and place Plaintiff on strict proof thereof.

115.

Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.

Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.

Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## **RESPONSE TO "COUNT II: NUISANCE"**

118.

Defendants incorporate the paragraphs above as if fully restated herein.

119.

Paragraph 119 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

Paragraph 120 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.

Paragraph 121 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.

Paragraph 122 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

## **RESPONSE TO "PUBLIC NUISANCE"**

123.

Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.

Defendants deny the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.

Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.

Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

## RESPONSE TO "PUBLIC NUISANCE PER SE"

127.

Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.

Paragraph 128 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.

Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.

Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.

Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

## RESPONSE TO "DAMAGES"

132.

Defendants incorporate the paragraphs above as if fully restated herein.

133.

Defendants deny the allegations contained in Paragraph 133 of Plaintiff's Complaint, including subparagraphs a. through g.

134.

Defendants deny the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.

Defendants deny the allegations contained in Paragraph 135 of Plaintiff's Complaint.

In response to the paragraph beginning with "WHEREFORE" of Plaintiff's Complaint, including subparagraphs a. through e. thereof, Defendants deny they are liable to Plaintiff and further deny that Plaintiff is entitled to any relief from Defendants under any theory at law or in equity.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendants, having fully listed its defenses and having fully answered the Complaint, pray as follows:

(a) That judgment be entered in favor of Defendants and against Plaintiff on the Plaintiff's Complaint;

(b) That Defendants have all remedies available at law; and

(c) That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANTS HEREBY DEMAND A TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION**

Respectfully submitted this 24th day of July, 2026.

**FREEMAN MATHIS & GARY, LLP**

*/s/Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emily F. Bronstein
Georgia Bar No. 250711
emily.bronstein@fmglaw.com
*Attorneys    for    Defendants    Excel
Hospitality, LLC and Sajaad Chaudry*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document has been prepared in accordance with L.R. 5.1 using Century Schoolbook font, 13-point.

**FREEMAN MATHIS & GARY, LLP**

*/s/Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emily F. Bronstein
Georgia Bar No. 250711
emily.bronstein@fmglaw.com

*Attorneys for Defendants Excel Hospitality, LLC and Sajaad Chaudry*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically served a copy of the foregoing **Defendants' Answer to Plaintiff's Complaint** to all parties by filing a true and correct copy with the Clerk of Court, which will automatically send electronic copies to all counsel of record as follows:

Patrick J. McDonough
pmcdonough@atclawfirm.com
Tyler Dillard
tdillard@atclawfirm.com
Johnathan S. Tonge
jtonge@atclawfirm.com
Jennifer M. Webster
jwebster@atclawfirm.com
Anderson Tate & Carr
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
*Counsel for Plaintiff*

Respectfully submitted this 24th day of July, 2026.

**FREEMAN MATHIS & GARY, LLP**

*/s/Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emily F. Bronstein
Georgia Bar No. 250711
Emily.bronstein@fmglaw.com
*Attorneys for Defendants Excel Hospitality, LLC and Sajaad Chaudry*

- 38 -

- 39 -

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000