# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

A.M.,

      Plaintiff,

v.

EXCEL HOSPITALITY, LLC,
SAJAAD CHAUDRY, and
JOHN DOES 1-5

      Defendants.

CIVIL ACTION FILE NO.
1:26-CV-02972-TRJ

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.   **Description of Case:**

(a)   Describe briefly the nature of this action.

This is a civil action under the Federal Trafficking Victims Protection Reauthorization Act (TVPRA), Marsha's law, and Georgia nuisance law.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff alleges she was a victim of child sex trafficking at the Motel 6 located at 6015 Oakbrook Parkway, Norcross, GA 30092 (the "Motel") for approximately two months in 2013, when she was 15 years old. Plaintiff alleges Defendants owned and operated the Motel and hat Defendants are liable to Plaintiff for the damages and harms she sustained. Defendants deny all of Plaintiff's claims and reserve the

right to assert affirmative defenses. More specifically, Defendants deny sex trafficking occurred at the Motel under their ownership. Defendants further deny participation in any venture involving sex trafficking. To the extent Plaintiff was trafficked, Defendants deny that they knew or should have known sex trafficking was occurring at the property. Defendants further deny liability under the TVPRA, Masha's Law, Georgia nuisance law, O.C.G.A. §§ 14-11-603 and 14-11-605, and any allegations of negligent or reckless conduct.

(c)   The legal issues to be tried are as follows:

**By Plaintiff:** Whether Defendants are liable to Plaintiff, and if so, for what amount of damages, under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and/or Masha's Law, 18 U.S.C. § 2235, and/or for a nuisance under Georgia law. And, whether Defendants are liable to Plaintiff, and if so, for what amount of damages, for punitive damages and attorneys' fees pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14, and 18 U.S.C. § 1595(a).

**By Defendant:** Whether Defendants violated the TVPRA, Masha's Law, nuisance under Georgia law, O.C.G.A. §§ 14-11-603 and 14-11-605, and/or whether Defendants negligently and/or recklessly failed to act as alleged in Plaintiff's Complaint; whether Defendants are liable to Plaintiff for damages and the amount of such damages, including general damages, compensatory damages, economic damages, consequential damages, and punitive damages; whether Defendants are

liable to Plaintiff for attorney's fees; and any additional legal issues raised by any affirmative defenses, counter-claims, or third-party claims Defendants may assert.

    (d)    The cases listed below (include both style and action number) are:

        (1)   Pending Related Cases: None.

        (2)   Previously Adjudicated Related Cases: None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

**Plaintiff:**

    _____ (1)     Unusually large number of parties

    _____ (2)     Unusually large number of claims or defenses

    _____(3)     Factual issues are exceptionally complex

    _____(4)     Greater than normal volume of evidence

    _____(5)     Extended discovery period is needed

    \_\_X\_(6)     Problems locating or preserving evidence

    _____ (7)     Pending parallel investigations or action by government

    _____(8)     Multiple use of experts

**Defendant:**

    _____ (1)     Unusually large number of parties

    _____ (2)     Unusually large number of claims or defenses

    \_\_X\_\_\_(3)     Factual issues are exceptionally complex

_____(4)     Greater than normal volume of evidence

_____(5)     Extended discovery period is needed

__X__(6)     Problems locating or preserving evidence

_____(7)     Pending parallel investigations or action by government

__X__(8)     Multiple use of experts


**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Tyler Dillard
Andersen, Tate, & Carr
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
T: 770.822.0900
EM: tdillard@atclaw.com

Defendants Excel Hospitality, LLC and Sajaad Chaudry: Jennifer C. Adair and Emily F. Bronstein

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

(_) Yes      (X) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

**Response:** Not applicable.

**For Plaintiff: None.**

**For Defendant:** Plaintiff's alleged traffickers and customers are necessary parties.

(b)    The following persons are improperly joined as parties:

**Response:** Not applicable.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:** Not applicable.

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Response:** None.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Response:** The parties agree to exchange initial disclosures on or before <u>August 21, 2026</u>.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Response:** The Parties do not request a scheduling conference currently.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

**Response:** The parties anticipate that discovery will be needed on the topics listed below by each party; however, the parties note that this list is not exhaustive and recognize that other topics will likely arise through the normal course of discovery:

Please state below the subjects on which discovery may be needed:

**By Plaintiff:**

- Defendants' ownership, operation, and knowledge of the Motel, including at all times before, during and after Plaintiff's trafficking.

- Defendants' policies and procedures, if any, related to guest safety, and crime and sex-trafficking prevention.

- Prior instances of similar crime, prostitution, or sex trafficking at the Motel.

- Defendants' employees during 2013 and the years prior, including their management and operation of the Motel.

- Defendants' knowledge of Plaintiff, and Defendants' knowledge of other crime and sex-trafficking victims at the Motel.

- Defendants' financial benefits from owning and operating the Motel.

- Other issues may arise as discovery proceeds. Accordingly, these categories are not exhaustive, and the parties are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.

**By Defendant:**

- Plaintiff's contentions and Defendants' defenses;

- Identification and location of witnesses, including former employees of Defendants and the time period in which they were employed;

- The factual basis for Plaintiff's alleged trafficking at the Motel;

- The factual basis for Plaintiff's allegations that Defendants knew or should have known of alleged sex trafficking at the Motel;

- The factual basis for Plaintiff's allegations that Defendants participated in or knowingly benefited from any alleged trafficking venture;

- The factual basis for Plaintiff's allegations concerning Defendant Sajaad Chaudry's ownership, management, operation, supervision, or control of the Motel;

- Any and all interactions Plaintiff allegedly had with any of Defendants' agents, representatives, employees, or other personnel at the Motel;

- Plaintiff's movements and location while at the Motel;

- The nature and extent of Plaintiff's alleged trafficking;

- The factual basis for Plaintiff's nuisance claim;

- The nature and extent of Plaintiff's alleged damages;

- Expert witness opinions.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Response: The parties request an eight (8) month total discovery period, with any experts being disclosed no later than 30 days prior to the close of discovery period.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:** None.

(b) Is any party seeking discovery of electronically stored information?

(<u>X</u>) Yes (_) No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Response:** The parties have agreed to work together regarding the production of electronically stored information.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Response:** Whenever practically possible, the parties agree to produce electronically stored information in either a native format or a searchable PDF format where said production will not compromise the readability of the document produced. To the extent that production of electronically stored information in native format or a searchable PDF format will compromise the readability of the document produced, the parties will meet and confer to discuss alternative methods of production.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:** At this time, the Parties anticipate that a confidentiality order may be appropriate, because of the sensitive nature of the information being exchanged.

**13.   Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

(_)Yes  (X) No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**Response:** Not applicable.

**14.   Settlement Potential:**

(a)       Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **August 3, 2026**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ Tyler Dillard*

Other participants: Not Applicable

For defendant: Lead counsel (signature): */s/ Jennifer C. Adair*

Other participants: */s/ Emily F. Bronstein*

(b)       All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X) A possibility of settlement before discovery.
(X) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(_) No possibility of settlement.

(c)        Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference will be agreed to by counsel as their communication and conversations regarding settlement are ongoing.

(d)        The following specific problems have created a hindrance to settlement of this case.

   **Response:** None currently.

**15.    Trial by Magistrate Judge:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

   (a)    The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __ day of, ____ 20___.

   (b)    The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

   Respectfully submitted this 12th day of August, 2026.

**Andersen, Tate & Carr, P.C.**

| | |
|---|---|
| */s/ Tyler Dillard* | */s/Jennifer C. Adair* |
| Patrick J. McDonough | Jennifer C. Adair |
| Georgia Bar No. 489855 | Georgia Bar No. 001901 |
| Tyler Dillard | JAdair@fmglaw.com |
| Georgia Bar No. 115229 | Emily F. Bronstein |
| Jonathan S. Tonge | Georgia Bar No. 250711 |
| Georgia Bar No. 303999 | emily.bronstein@fmglaw.com |
| Jennifer M. Webster | |
| Georgia Bar No. 760381 | *Attorneys for Defendants* |
| One Sugarloaf Centre | |
| 1960 Satellite Boulevard, Suite 4000 | |
| Duluth, Georgia 30097 | |
| Tel: (770) 822-0900 | |

EM: pmcdonough@aclawfirm.com
EM: tdillard@atclawfirm.com
EM: jtonge@atclawfirm.com
EM: jwebster@atclawfirm.com

*Attorneys for Plaintiff*

\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified:

The close of discovery shall be _____, 2027. The Consolidated Pre-Trial Order shall be filed on or before _____, or within thirty (30) days after entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

4918-5269-5750, v. 1